**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| TAMMY LEE PHILIPPI, | No. 10-56856 |
| Plaintiff - Appellant, | D.C. No. 5:09-cv-01742-PJW |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Submitted May 7, 2012**

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

Tammy Philippi appeals pro se the judgment of the district court affirming

the Commissioner of Social Security's denial of her application for disability

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's judgment upholding the denial of social security benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Philippi contends the administrative law judge improperly found her impairments not equivalent to listing 12.04 of the regulatory Listing of Impairments at 20 C.F.R. Part 404, Supbart P, Appendix 1. Philippi bears the burden of proving that her condition is equivalent to a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). The criteria for Listing 12.04 include diagnostic criteria establishing an affective disorder and severity criteria establishing marked limitation in mental function. The ALJ found Philippi did not satisfy the severity criteria because the mental health professionals who examined her and reviewed her records found only slight impairment in mental functions. Philippi failed to produce persuasive evidence contradicting their findings.

Philippi contends the ALJ improperly discredited her subjective statements concerning the intensity, persistence, and limiting effects of her impairments. The

ALJ found Philippi's allegations of debilitating symptoms inconsistent with the conservative treatment she received, the absence of physical findings consistent with her claims of inactivity, the absence of medical opinions suggesting functional limitations, and the activities in which she engaged. The ALJ's findings are sufficiently specific to permit us to conclude that the ALJ did not arbitrarily discredit Philippi's statements. *Tommasetti*, 533 F.3d at 1039. The ALJ's reasoning is clear and convincing. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

Philippi contends the ALJ improperly discounted the opinion of examining consultant Inderpal Randhawa, M.D. Dr. Randhawa's findings on physical examination were essentially normal and he observed that Philippi exhibited no physical difficulty during the evaluation. He opined that Philippi had no functional limitations, but said she could not engage in any exertional or nonexertional activity due to her reported fatigue and the amount of time she was reportedly in a state of dysfunction.

The ALJ gave clear and convincing reasons for discounting Dr. Randhawa's opinion. The ALJ found the opinion internally inconsistent, unsupported by Dr. Randhawa's clinical findings, premised primarily on Philippi's discredited subjective statements, and contrary to Philippi's reported activities. These reasons

provide a legally sufficient basis for discrediting Dr. Randhawa's opinion. *Tommasetti*, 533 F.3d at 1041; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

In conclusion, the ALJ applied proper legal standards and his findings are supported by substantial evidence. Accordingly, the judgment of the district court is **AFFIRMED.**